UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DALTON BELL,<br><br>Defendant. | Case No.  C06-5148FDB<br>CR00-5731FDB<br><br>ORDER OF DISMISSAL |

  Defendant Bell has filed numerous documents in the above cases, to which the Court directed the United States to respond. The procedural history of these cases is set out by the United States in its response.

  Bell has asserted judicial conflict of interest claims against both Judge Tanner and the undersigned judge (see Dkt. # 239, CR00-5731FDB). With case reassignments since Judge Tanner's death, his motion with respect to Judge Tanner's recusal is moot. With regard to the alleged conflict of interest of this court because of being named in lawsuits that Bell filed in the District of Oregon (allegation that this Court allowed Judith Mandel to withdraw while also allowing her to file a notice of appeal) Bell's allegations are insufficient grounds for this Court's recusal. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)(citing a non-exhaustive list of various matters not ordinarily sufficient to require a Section 455(a) recusal.)

  Bell has also asserted that this Court lacked jurisdiction to proceed with trial beginning on April 3, 2001 and then to impose sentence on August 24, 2001 because he has filed notices of appeal

ORDER - 1

as to his pretrial motions on March 30, 2001, as to the jury verdict on April 17, 2001, and an additional notice of appeal on August 14, 2001. Because United States Courts of Appeal have jurisdiction only over appeals from "final decisions of the District Courts," 28 U.S.C. § 1291, with a certain exception for claims of right separate from and collateral to rights asserted in the action under certain circumstances not applicable here, Bell's assertion fails. The Court of Appeals does not have jurisdiction to review a jury verdict until the conviction becomes final when the district court imposes sentence. 28 U.S.C. § 1291. In fact, the Court of Appeals dismissed each of Bell's interlocutory appeals on the basis that there was no proper interlocutory appeal. The Court properly had jurisdiction over both Bell's trial and sentencing.

Bell also asserts that his claims should properly be considered under Fed. R. Civ. P. 60(b) or 28 U.S.C. § 2241. Where a claim raises a defect in the judgment, a proceeding under Rule 60(b) is proper. Where Section 2255 does not apply (when a judgment or sentence is not being attacked, or Section 2255 is inadequate or ineffective) 2241 may provide a means to raise certain claims. Bell, however, is directly challenging the validity of his conviction and sentence and has not established that 2255 in inadequate. Bell, however, has stated that he does not want his claim treated pursuant to Section 2255. Moreover, even of this Court recharacterized Bell's claims as a Section 2255 motion, it would be time-barred as Bell's conviction became final on March 28, 2003 and he filed the first of his pleadings on July 16, 2004 or July 12, 2004 (depending on date of Bell's signature) and are outside the one-year limitations period. (28 U.S.C. § 2255 ¶ 6(1).

ACCORDINGLY, IT IS ORDERED: All pending motions brought by Defendant Bell are DENIED, and Cause of Action C06-5148FDB is DISMISSED.

DATED this 16th day of August, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2